United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-10112
Summary Calendar

_____

ERIKA ANNE BONDY; ET AL.,

Plaintiffs,

ERIKA ANNE BOND; GLORIA WOODARD;
STACEY J. EUBANKS,

Plaintiffs-Appellants,

versus

CITY OF DALLAS,

Defendant-Appellee.

_____

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 3:01-CV-1005-G)

_____

Before REAVLEY, JONES and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiffs claim that their employer, the City of Dallas, incorrectly categorized their

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

positions as being exempt from the overtime compensation provisions of the Fair Labor Standards Act ("FLSA"). Both sides moved for summary judgment on the question whether Plaintiffs are "administrative employees" according to the regulations promulgated under the FLSA. The district court granted the City's motion, denied Plaintiffs', and entered judgment for the City. We affirm.

1.       The FLSA requires employers to pay overtime compensation to employees who work more than forty hours during a workweek unless such employees are "employed in a bona fide . . . administrative . . . capacity . . . ." 29 U.S.C. § 213(a)(1). An employee who earns at least $250 per week is considered to be employed in an administrative capacity if the employee's "primary duty . . . consists of . . . [t]he performance of office or non-manual work directly related to management policies or general business operations of his employer or his employer's customers . . . . [and] includes work requiring the exercise of discretion and independent judgment." 29 C.F.R. §§ 541.2(a)(1), 541.2(e)(2). The City bears the burden of proving that Plaintiffs are employed in an administrative capacity. See Vela v. City of Houston, 276 F.3d 659, 666-67 (5th Cir. 2001). Thus, to obtain summary judgment on this issue, the City "must establish beyond peradventure all of the essential elements" of the administrative-capacity exception. See Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).

2.       The first required element of the administrative-capacity exception is that Plaintiffs' work be "directly related to management policies or general business operations of [their] employer or [their] employer's customers." The intended effect of this phrase is

2

to limit the administrative-capacity exception "to persons who perform work of substantial importance to the management or operation of the business of [the] employer or [the] employer's customers." 29 C.F.R. § 541.205(a). Excepted employees might be "engaged in 'servicing' a business, as, for[] example, advising the management, planning, negotiating, [and] representing the company . . . ." Id. § 541.205(b). Such persons "carry out major assignments in conducting the operations of the business . . . ." Id. § 541.205(c).

3. The significant facts of Plaintiffs' employment with the City are uncontested. The Dallas Convention Center ("DCC"), for whom Plaintiffs work, rents its facilities to trade shows and conventions. As event coordinators, Plaintiffs are responsible for planning most aspects of convention center events and negotiating with clients on the DCC's behalf. Event coordinators arrange for in-house contractors to meet the needs of the DCC's clients and act as the on-site contact person during events to address clients' requests and problems as they arise. They coordinate the provision of utilities and parking and prepare invoices for such services. Event coordinators ensure that the clients have made the necessary pre-event payments and resolve billing disputes both during and after the show. These facts establish that event coordinators "carry out major assignments in conducting the operations of the business" of the DCC and that their work is "of substantial importance to the . . . operations of [the DCC] or [the DCC's] customers." Plaintiffs' work is "directly related to management policies or general business operations of [their] employer or [their] employer's customers."

4. The exception also requires that Plaintiffs exercise discretion and

3

independent judgment. Work satisfying this element "involves the comparison and the evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered." 29 C.F.R. § 541.207(a). Employees doing such work have "the authority or power to make an independent choice, free from immediate direction or supervision with respect to matters of significance." Id. It is not necessary, however, that the employees' decisions be free from review: "The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action." Id. § 541.207(e)(1). Not excepted are employees who merely follow prescribed procedures or who determine whether specified standards are met, such as inspectors or graders. Id. § 541.207(c).

5.     Event coordinators are responsible for deciding whether the client's proposed event comports with DCC policies and procedures. If it does not, the event coordinator works with the client to develop a compliant alternative. If the event coordinator determines that compliance cannot be achieved, she recommends to DCC management whether the noncompliance should be excused. Event coordinators also recommend whether a show should be canceled for non-payment, for failure to submit required paperwork, or for other reasons. Further, they make recommendations for revising the DCC's policies and procedures. Event coordinators do not have discretion to cancel an event themselves. However, as noted, it is not necessary that the employee have final decision making authority to qualify for the administrative-capacity exemption. Plaintiffs' decisions and recommendations regarding whether and how a proposed event

4

should go forward are "matters of significance" to the DCC's business.  Plaintiffs regularly compare alternative courses of action and based thereon make decisions and recommendations.  Clearly, Plaintiffs do exercise discretion and independent judgment.

AFFIRMED.